UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
-------------------------------------------------------------X
CHARLES MILLER,

       *Plaintiff,*

  -against-

NATIONAL LIFE INSURANCE COMPANY,

       *Defendant.*
-------------------------------------------------------------X

Docket #: 07-CV-00364 (PCD)
(D. CONN)

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

SCHWARTZ & PERRY, LLP
*Attorneys for Plaintiff*
295 Madison Avenue
New York, New York 10017
212-889-6565

# TABLE OF CONTENTS

| **Subject** | **Page** |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **PRELIMINARY STATEMENT** | 1 |
| **ARGUMENT** | |
| POINT I — MILLER'S MOTION TO QUASH IS TIMELY | 2 |
| POINT II — THIS COURT HAS THE AUTHORITY TO QUASH A THE SUBPOENA AND IS NOT LIMITED BY THE FACT THAT THE UNDERLYING ACTION IS PENDING IN THE DISTRICT COURT IN CONNECTICUT | 4 |
| POINT III — NATIONAL LIFE'S SUBPOENA SHOULD BE QUASHED BECAUSE IT HAS FAILED TO DEMONSTRATE THAT THE DOCUMENTS SOUGHT ARE RELEVANT TO THE CLAIMS IN THE UNDERLYING CASE | 6 |
| **CONCLUSION** | 8 |

## TABLE OF AUTHORITIES

| **Case** | **Page** |
|---|---|
| Anderson v. Abercrombie and Fitch Stores, Inc., 2007 WL 1994059 (S.D. Cal.) | 3,6 |
| F.D.I.C. v. Garnder, 126 F.3d 1138, 1146 (9th Cir. 1997) | 6 |
| Fleetwood v. United States, 76 f.3D 386 (9th Cir. 1996) | 3 |
| Gonzalez v. Google, Inc., 234 F.R.D. 674 (N.D. Cal. 2006) | 4 |
| Hickman v. Taylor, 329 U.S. 495 (1947) | 6 |
| Mackelprang v. Fidelity National Life Title Agency of Nevada, Inc., 2007 WL 119149 (D.Nev. 2007) | 7,8 |
| Moon v. SCP Pool Corporation, 232 F.R.D. 633 (C.D. Cal. 2005) | 6 |
| Rozell v. Ross Holst, 2006 WL 163143 (S.D.N.Y.) | 7,8 |

**PRELIMINARY STATMENT**

Defendant's extensive opposition papers are void of any meritorious argument that would entitle it to obtain all of Plaintiff's personal emails from Yahoo. In fact, Defendants' papers are a bloated conglomeration of irrelevant exhibits and arguments that amount to nothing more than evidence of its improper fishing expedition.

Defendants are merely guessing that Plaintiff's personal emails with his family and friends would bear on his credibility or the damages sought in this case or the other enumerated reasons why it seeks the Yahoo emails from January 1, 2005 through November 29, 2005. Each and every email that Plaintiff wrote, is clearly not the proper subject of discovery, without some showing by National Life that what Miller wrote to his family and friends has some bearing on the claims in this case.

It is unlikely that National Life could properly gain insight into Miller's emotional well-being or the quality of his life by sifting through his personal correspondence. If Miller wrote a email to his daughter inquiring about his granddaughter, does National Life intend to argue that Miller's quality of life has not been adversely affected by being discriminated against and then fired because of his age? The two performance-related arguments raised by National Life have never been mentioned before this motion and reek of attorney manufactured after-thought.

National Life's reference to its investigation into Plaintiff's email usage has not uncovered anything that would entitle it to obtain *all* of Plaintiff's personal emails. If anything, National Life acknowledges in its papers that it is already in possession of the emails that Miller sent from his National Life account to his Yahoo account.

To date, Plaintiff has satisfied all of Defendants' discovery demands and produced all relevant documents. National Life's claim that Miller has somehow obstructed its discovery efforts is, therefore, absolutely untrue. All that has occurred is that Miller has fought back to prevent an abuse of the discovery process, which National Life has attempted to use to further harass Miller. Proof the fact that National Life's opposition lacks substance is confirmed by its need to burden the court with a detailed explanation of each and every discovery issue that has arisen in this case. The fact is, discovery issues have arisen as they customarily do and the parties managed to resolve them and move on.

Further, National Life's offensive insinuations about Miller's credibility and his relationship with his former National Life colleague Jonathan Schonberg are inappropriate, totally unsupported and again, not a proper basis for the over-reaching discovery now sought. Credibility is involved in all cases and is not a separate topic of discovery.

## ARGUMENT

### POINT I

### MILLER'S MOTION TO QUASH IS TIMELY

National Life's timeliness argument is disingenuous and without merit. National Life is attempting to use a scant few cases to rewrite Rule 45 to suit its own purposes. In this case, when Yahoo was served with the subpoena, it sent an email to Miller (attached as Exhibit "1") that stated:

> Please be advised that Yahoo! will respond to the subpoena 15 days from the date of this notice, unless we have notice that a motion to quash the subpoena (or other legally appropriate challenge to the subpoena) has been filed, or the matter has been otherwise resolved.

Yahoo was then advised that Miller would move to quash the subpoena (Exhibit "2") so that Yahoo was aware, as early as November 21, 2007, long before the return date of the subpoena that no response would be required until the Court decided the motion.

National Life has not, and cannot, cite any authority that holds that motions to quash filed on the very day compliance are untimely. This is particularly so when all parties, (including the subpoenaed party) are aware that a motion to quash is being made and where objections were undeniably timely filed. Rule 45 gives a court the power to quash a subpoena "[o]n timely motion." Fed. R.Civ.P. 45(c)(3)(A). "Timely" is not defined in the rule, nor is it discussed in the advisory committee's notes. There has been no prejudice to the requesting party due to the date the motion was filed.

The cases cited by National Life do not address the present situation and, in fact, better support Miller's position. For example, in <u>Anderson v. Abercrombie and Fitch Stores, Inc.</u> 2007 WL 1994059 *8 (S.D.Cal.,2007), relied on by National Life, the motion to quash was filed *6 days* after compliance with the subpoena was required and the subpoena was not deemed to be untimely. Here, the motion was made far earlier. Furthermore, in <u>Fleetwood v. United States</u>, 76 F.3d 386 (9th Cir. 1996) which National Life relies upon, the court stated that a person has "twenty days from the date of notice to bring a proceeding to quash the summons." Here, the subpoena was received by our office on Monday, November 26, 2007, which would permit a motion to quash to be made up to and including December 15, 2007. This motion was initially filed on December 5, 2007 in the District

3

of Connecticut and then subsequently withdrawn and re-filed in the Northern District of California on December 12, 2007. This motion, under the very cases National Life cites, is, therefore, timely.

National Life's unsuitable commentary regarding the process of discovery and certain issues that arose throughout that process totally ignores its own culpability for creating them. From the very outset, National Life has attempted to abuse various discovery mechanisms to harass and intimidate Miller. Now, by this subpoena, National Life seeks to gain access to Miller's personal emails in a lame effort to uncover something that it hopes might be relevant. This transparent effort is nothing more than a fishing expedition that should not be permitted.

## POINT II

### THIS COURT HAS THE AUTHORITY TO QUASH A THE SUBPOENA AND IS NOT LIMITED BY THE FACT THAT THE UNDERLYING ACTION IS PENDING IN THE DISTRICT COURT IN CONNECTICUT

There is no basis to National Life's argument that this Court, because it is not the Court where the underlying action is pending, should be reluctant to limit discovery. The scope of discovery is controlled by the Federal Rules and not the location of the courthouse. The federal rules provide for a variety of reasons why discovery should be limited, including the alleged relevance of the material sought. In fact, in all the cases National Life cites the ancillary court did limit disclosure. National Life's reference to Gonzalez v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) is misplaced because National Life failed to point out that the Court also stated "...the Court does not construe a general policy of permissiveness to require this Court to abdicates its responsibility to review a subpoena under the Federal Rules when presented with a motion to compel." Accordingly,

Gonzalez better supports Miller's position that National Life's.

In this case, the only basis for National Life's argument that Miller's personal Yahoo emails are relevant is its own speculation and guesswork. That is not sufficient to permit the broad and over-reaching discovery sought by National Life, particularly when the personal lives of non-parties are involved.

National Life attempts to fabricate a basis for its patently over-broad request by pointing to the completely inapposite point that his credibility is at issue. In litigation, everyone's credibility is at issue and it is not a separate and distinct subject for discovery. But, this is besides the point because the heart of this matter is that National Life has made a request to rummage through Miller's personal emails without any support. Miller's emotional distress claim is not "vaguely" stated as National Life erroneously claims. Miller has obtained medical treatment and the records of his medical providers have been produced. Additionally. National Life will be taking the depositions of Miller's physicians. There is no basis to National Life's argument that his personal Yahoo emails with his friends and family members will shed any light on his emotional distress claims when National Life is actually in possession of Miller's medical records. National Life has already received documents confirming Miller's mitigation of damages so that any effort to create the impression that it requires all of Miller's emails on that subject is inaccurate.

Further, National Life's argument that Miller was a "habitual" user of his personal email account during business hours is an after-the-fact argument that has never been raised before. It is

5

offensive and untrue. Nevertheless, National Life is apparently already in possession of what it claims constitutes "habitual" personal email use and the subpoena seeking the emails it already has is duplicative and harassing.

### POINT III

### NATIONAL LIFE'S SUBPOENA SHOULD BE QUASHED BECAUSE IT HAS FAILED TO DEMONSTRATE THAT THE DOCUMENTS SOUGHT ARE RELEVANT TO THE CLAIMS IN THE UNDERLYING CASE

It is well-settled that however broadly defined, the term "relevance" is "not without 'ultimate and necessary boundaries.'" Anderson v. Abercrombie and Fitch Stores, Inc., 2007 WL 1994059 (S.D. Cal.), citing, Hickman v. Taylor, 329 U.S. 495 (1947). Even National Life's own case (Gonzalez v. Google, Inc.) makes that point. Accordingly, district courts have broad discretion to determine relevancy for discovery purposes.

Court have incorporated irrelevance into the litany of enumerated reasons for quashing a subpoena when determining motions to quash. Moon v. SCP Pool Corporation, 232 F.R.D. 633 (C.D. Cal. 2005). Further, a subpoena has been deemed to be unduly burdensome where it seeks to compel the production of documents regarding topics that are unrelated to or beyond the scope of the litigation. Anderson at *2. Courts have not been reluctant to quash subpoenas where their overbreadth leads a Court to conclude that the "subpoenas were 'served for the purpose of annoying and harassment and not really for the purpose of getting information.'" Anderson at *2. See also F.D.I.C. v. Garnder, 126 F.3d 1138, 1146 (9th Cir. 1997).

6

In <u>Mackelprang v. Fidelity National Life Title Agency of Nevada, Inc.</u>, 2007 WL 119149, *4 (D.Nev. 2007), the Court in a sexual harassment case, seeking emails from a third party, held that:

> Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case and cannot be obtained except through discovery.

In <u>Mackelprang</u>, the Court rejected the Defendant's argument that her personal emails that she wrote on MySpace.com were relevant to whether, among other things, the plaintiff suffered emotional distress. The Court found that the probative value of such evidence did not substantially outweigh its unfair prejudicial effect on plaintiff. In <u>Mackelprang</u>, the Defendant also argued that the Myspace.com private emails might contain statements by plaintiff and witnesses about the subject matter of this case, a argument which National Life appears to be making on this motion. The Court also rejected that argument holding that the production of the emails would "allow Defendants to cast too wide a net for any information that might be relevant and discoverable. It would, of course, permit Defendants to also obtain irrelevant information...between Plaintiff and third persons, whih are not relevant, admissible or discoverable." <u>Id</u>. at *7.

Also instructive and particularly relevant to the issue here is <u>Rozell v. Ross Holst</u>, 2006 WL 163143, * 3 (S.D.N.Y.) in which the Court, in denying Defendant's document request for emails from the Plaintiff's AOL account,, held:

> To be sure, anything that a person says or does might in some theoretical sense be reflective of her emotional state. But that is hardly justification for requiring the production of every thought she may have reduced to writing, or indeed, the deposition of everyone she might have talked to.

7

In <u>Rozell</u> the Court found that the Plaintiff had represented that she produced all communications, including emails, potentially related to her claims. According, if such documents existed, the Court found that the Defendant had received them. The same is true here. Miller has already produced all relevant documents that bear upon his claims. Anything more would cross the line as the Court found in <u>Rozell</u> and also in <u>Mackelprang</u>.

Miller's personal correspondence with his friends and family about their persona lives o not bear upon the issues in this case. National Life has failed to offer anything to substantiate its right to Miller's personal Yahoo emails, other than its own speculation and guesswork concerning the contents of Miller's personal emails and its derogatory self-serving comments concerning Miller's credibility.

## CONCLUSION

For the foregoing reasons, Miller most respectfully urges that the Court grant his motion to quash the subpoena served on Yahoo and for such other and further relief as this Court deems just and proper.

SCHWARTZ & PERRY, LLP
*Attorneys for Plaintiff*

By: /s/
DAVIDA S. PERRY (1879)
MATTHEW T. SCHATZ (5979)
295 Madison Avenue
New York, New York 10017
(212) 889-6565